

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| CHARLES KEE, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 1:19-217-MGL-SVH |
| | § | |
| B.M. ANTONELLI, Warden, | § | |
| Respondent. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE AN ANSWER**

Petitioner Charles Kee (Kee), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (habeas petition), challenging the results of his application to the post-conviction relief (PCR) court. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Kee's petition without prejudice and without requiring Respondent B.M. Antonelli (Antonelli) to file an answer. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is

1

made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on February 8, 2019, Report, and the Clerk of Court entered Kee's objections on February 20, 2019. Objection. The Court has carefully reviewed Kee's two objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

On June 30, 2000, Kee entered a guilty plea on one racketeering count, two counts of violent crimes in aid of racketeering, and one count of the use of a firearm during the commission of a crime in the Southern District of New York. Report at 1-2. Kee has filed a litany of challenges to his sentence under 28 U.S.C. § 2255, with the most recent currently pending before the Second Circuit. *Id.* at 2. Kee filed this petition in January 2019 seeking resentencing in light of *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) (holding that a charge of conspiracy to commit murder in aid of racketeering is not a crime of violence).

The Magistrate Judge recommends Kee fails to meet the requirements of *United States v. Wheeler*, 886 F.3d 415, 428-29 (4th Cir. 2018), to seek relief under § 2241 via § 2255's savings clause. "[T]he savings clause is a jurisdictional provision." *Id.* at 23. "[I]t is well established that defendants convicted in federal court [like Kee] are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may, however, seek relief under § 2241 via § 2255's savings clause when § 2255 "proves 'inadequate or ineffective to test the legality of . . . detention.'" *In re Vial*, 115 F.3d

1192, 1194 (4th Cir. 1997) (quoting 28 U.S.C. § 2255(e)). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at 1194 n.5 (citations omitted).

In *Wheeler*, the Fourth Circuit established a test for meeting § 2255's savings clause in challenging a sentence. *Wheeler*, 886 F.3d at 415. To meet the *Wheeler* test, a petitioner must show: 1) the sentence was legal under settled law at the time of sentencing; 2) after petitioner's direct appeal and first motion under § 2255, the substantive law changed, and the new law was made retroactive on collateral review; 3) petitioner is unable to meet the requirements of 28 U.S.C. § 2255(h)(2) to file a successive motion under § 2255; and 4) the sentence imposed presents a fundamental defect due to the change in the law. *Id.* at 428-29. The Magistrate Judge suggests Kee is unable to satisfy the second element of *Wheeler* and therefore his petition is subject to dismissal.

Kee raises two objections to the Magistrate Judge's report. First, Kee objects to the Magistrate Judge's recommendation the Fourth Circuit's decision in *McCollum* was insufficient to meet the second prong of *Wheeler*. Kee next objects to the suggestion the Court lacks jurisdiction under 28 U.S.C. § 2241. Because Kee conflates two concepts that are interrelated— jurisdiction under § 2241 and the prongs of *Wheeler*—the Court will address both objections concurrently.

*McCollum*, a case from the Fourth Circuit, is inapplicable to Kee's petition. The Fourth Circuit is clear that in reviewing § 2241 petitions, it is the substantive law "of the circuit where a defendant was convicted" that is applied. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Because Kee's plea was effectuated in the Southern District of New York, Second Circuit

substantive law—rather than Fourth Circuit law—applies. Kee failed to identify any Second Circuit cases that would substantively change the law applicable to his conviction.

Accordingly, the substantive portions of *McCollum* fail to provide a viable avenue of relief for Kee and the Magistrate correctly concluded Kee is unable to satisfy the second prong of *Wheeler*. And, because he is unable to meet the requirements of *Wheeler*, the Court lacks jurisdiction to consider his § 2241 petition. As such, the Court will overrule Kee's two objections to the report.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Johnson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kee's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Antonelli to file an answer.

To the extent Kee requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 11th day of September 2019 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.